# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DANIEL BINGMAN,**

      **Petitioner,**

**v.**                                                    **Civil Action No. 2:08cv52**
                                                              **(Judge Maxwell)**

**SHANNON MARKLE,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On March 12, 2008, the *pro se* petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 which challenges a Gilmer County conviction of one count of petit larceny for which the petitioner received a one year sentence.[1] In the petition, the petitioner challenges his conviction and sentence on the following grounds:

(1) unreasonable interpretation of the facts;[2] and

(2) actual innocence.[3]

After conducting an initial review of the petition, the undersigned directed the respondent to show cause why the petition should not be granted. The respondent filed a Response and Motion

---

[1] The petitioner's conviction and sentence stems from a Gilmer County indictment charging him with two counts grand larceny and one count of transferring stolen property. See Resp't Ex. 1. On December 13, 2005, a jury found the petitioner guilty of one count of petit larceny, a lesser included offense of grand larceny. Id.

[2] More specifically, the petitioner contends that the property in question was removed from the estate with the consent of one of the co-owners. Thus, the petitioner contends it was not stolen. Petition at 5.

[3] More specifically, the petitioner asserts that he was acting as his mother's agent, a co-owner of the property in question. Therefore, the petitioner asserts that his conviction is unjust and/or goes against the weight of the evidence. Petition at 7.

for Summary Judgment on April 23, 2008. In the response, the respondent concedes that the petition was timely filed under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and that the petitioner's claims appear to be exhausted. In support of his summary judgment motion, the respondent argues that he is entitled to judgment as a matter of law because (1) the petitioner's claims are not cognizable on federal habeas review; (2) the petitioner has failed to state a claim for which relief can be granted; and (3) the petitioner has failed to demonstrate that he is entitled to relief on any of his claims.

Because the petitioner is proceeding *pro se*, on April 24, 2008, the Court issued a Roseboro Notice advising the petitioner of his right to file a response to the respondent's motion. The petitioner filed his response on April 28, 2008. In his response, however, the petitioner appears to assert the following new grounds for relief:

(1) prejudice trial judge;

(2) ineffective assistance of counsel; and

(3) witness perjury.

Because none of these grounds appears to have ever been raised in state court, on December 12, 2008, the undersigned issued a Notice of Mixed Petition. In the Notice, the Court explained that a "mixed petition" is one that raises both exhausted and unexhausted claims. Moreover, the Court explained that pursuant to Rose v. Lundy, 455 U.S. 509 (1982), a federal district court may not adjudicate mixed petitions. The Court further explained that in light of the "AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275 (2005). Consequently, the Court

explained that under certain circumstances the Court may stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims in order to allow the petitioner to present the unexhausted claims to the state court. Id.

Accordingly, the petitioner was advised that he had three options in the instant case. First, the petitioner was advised that he may elect to proceed on the petition as filed, and not seek consideration of the additional claims raised in his response to the respondent's summary judgment motion. Second, the petitioner was advised that he may elect to move forward with his mixed petition, in which case, the Court will be required to dismiss the case without prejudice. Or third, the petitioner was advised that he may elect to proceed on his mixed petition, and seek a stay and abeyance to allow him to return to state court and exhaust the newly raised, and unexhausted, claims. The petitioner was directed to inform the Court within 15 days of the date of the Notice, as to his intentions in this matter. The petitioner was advised that the failure to advise the Court as to his preferred course of action would result in the Court construing his petition as a "mixed petition" and recommending that his petition be dismissed without prejudice.

As of the date of this Order, however, the petitioner has not advised the Court which course of action he would prefer to follow, has not requested an extension of time to do so or otherwise explained his reasons for not responding to the Court's Notice. Thus, given the petitioner's *pro se* status, the undersigned feels compelled to make the following alternate recommendations:

1. based on the undersigned's Notice of Mixed Petition, it is hereby recommended that the petition in this case be construed as a "mixed petition" and that it be **DISMISSED without prejudice** from the active docket of this Court. In light of this recommendation, the undersigned further recommends that the respondent's Motion for Summary Judgment (dckt. 10) be **DENIED**

**as moot**. In the alternative,

2. in the event the petitioner later objects to the construction of his petition as a mixed petition, and instead, seeks to proceed only on the exhausted claims, the undersigned hereby recommends that the respondent's Motion for Summary Judgment (dckt. 10) be **GRANTED**. The claims raised in the petition amount to little more than a claim that the evidence was not sufficient to convict him. However, when reviewing a claim of the sufficiency of the evidence on federal habeas review, the district court is required to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4] Jackson v. Virginia, 443 U.S. 307, 319 (1979). Moreover, "when the record reflects facts that support conflicting inferences, there is a presumption that the jury resolved those conflicts in favor of the prosecution and against the defendant. In other words, federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence." Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001).

Here, the transcripts from the petitioner's trial show that the petitioner maintained his innocence throughout his state criminal proceedings. In fact, the petitioner was somewhat successful

---

[4] Petit larceny under West Virginia Code § 61-3-13 is described as follows:

(b) If a person commits simple larceny of goods or chattels of the value less than one thousand dollars, such person is guilty of a misdemeanor, designated petit larceny, and, upon conviction thereof, shall be confined in jail for a term not to exceed one year or fined not to exceed two thousand five hundred dollars, or both, in the discretion of the court.

The testimony at trial established that the petitioner's mother and her brother (the petitioner's uncle) shared ownership in various degrees of certain heirship property located in Gilmer County, West Virginia. The petitioner's uncle, Roger Rafferty, testified that certain farm equipment kept on the property, and sold by the petitioner for $500, belonged to the uncle and not the estate. Moreover, Mr. Rafferty testified that the petitioner did not have permission to sell the property. On the other hand, the defense testimony was that the property belonged to the heirship property and was sold by the petitioner as an agent for his mother, a co-owner of the property.

at trial, in that some of the charges were dismissed against him and in that he was found guilty of a lesser included offense. What the petitioner essentially asks this Court to do is re-weigh the evidence against him. However, any conflict in the evidence was resolved by the judge and jury and this Court is required to defer to their judgment.

Moreover, the undersigned notes that a claim of actual innocence is not, in and of itself, a cognizable ground for relief on federal habeas review. See Herrera v. Collins, 506 U.S. 390, 404 (1993) (a claim of actual innocence is not a freestanding claim cognizable on federal habeas review, but merely a "gateway through which a habeas petitioner must pass" to have an "otherwise barred unconstitutional claim considered on the merits."). Accordingly, assuming the petitioner would have elected to proceed as filed, or later does elect to proceed as filed, he is not entitled to relief on his exhausted claims.[5]

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

---

[5] Because the petitioner has not sought a stay and abeyance, the Court is unable to determine the appropriateness of such action. See Rhines v. Weber, 544 U.S. at 275 ("As the result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Therefore, a federal district court may, under some circumstances stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims in order to allow the petitioner to present the unexhausted claims to the state court.).

<u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert.</u> <u>denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: January 5, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE